Eugene Green **GRIGSBY**, Petitioner-Appellant,

v.

**W. J. ESTELLE, Director, Texas Department of Corrections,** Respondent-Appellee.

No. 74–1626
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 9, 1974.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Eugene Green Grigsby, pro se.

Robert Darden, Jack Boone, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant asserts his state murder conviction failed to conform to the standards of due process imposed by the Fourteenth Amendment because he was denied effective assistance of counsel. We express no opinion on the merits of his assertions, but remand for an evidentiary hearing.

In both the Court below and in a state habeas corpus proceeding, Grigsby particularized his complaints, (i) failure to subpoena several character witnesses requested by Grigsby, (ii) failure to interview those character witnesses, (iii) failure to cross-examine certain prosecution witnesses about alleged conflicts between their trial testimony and statements made to police at the scene, (iv) failure to object to the admission into evidence of the alleged murder weapon (on grounds no fingerprints or bloodstains were found on it), (v) failure to cross-examine a police officer called by the prosecution who allegedly was not the same officer as appeared at the scene, (vi) failure to object to the admission of, or rebut, an alleged confession by Grigsby, (vii) failure to present an adequate defense,[1] (viii) failure to properly perfect the defendant's appeal, and (ix) failure to properly handle the possibility of defendant's testifying in his own behalf.

The District Court relied on the findings of the state court. The state court in turn relied on the affidavits of Grigsby's trial counsel and an attorney who generally vouched for counsel's ability.

Assuming that this procedure complies with constitutional strictures, an examination of this record shows only appellant's contentions (viii) and (ix), concerning his own trial testimony and circumstances surrounding the failure to perfect a direct appeal were responded to by the affidavits. It does not appear that a transcript of the trial was available for consideration. Thus, the District Court was not entitled to rely on the state court's findings with respect to the other contentions which, at least if all true, might warrant the relief sought. In the face of detailed factual allegations the record was inadequate, 28 U.S.C.A. § 2254(d)(3) and (6), so we vacate and remand for an appropriate evidentiary hearing.

Vacated and remanded.

---

1. In the District Court, Grigsby contended the following defenses should have been considered, (i) self-defense, (ii) intoxication, (iii) other reasonable explanations of the circumstantial evidence, and (iv) impeach-

ment of key (but allegedly perjured) prosecution testimony.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.